IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA STOLAR-DEMHARTER<br>*as Administratrix of the Estate of DAVID DEMHARTER*,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.;<br>CYNTHIA MCCREA; BUTLER COUNTY,<br><br>Defendants. | Civil Action No. 23-87<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 43 |

## **MEMORANDUM ORDER**

Presently before the Court is a Motion to Compel filed on behalf of Plaintiff Patricia Stolar-Demharter ("Plaintiff") seeking an order compelling Defendant Wexford Health Sources, Inc. ("Wexford") to produce financial information for the past five years. ECF No. 43. For the reasons that follow, the Motion to Compel is granted.

**I.      BACKGROUND**

This action arises out of the suicide completed by David Demharter while incarcerated in the Butler County Prison. ECF No. 5. Plaintiff alleges that among others, Wexford was aware of Demharter's mental illness diagnoses, prior suicide attempts, current suicidal ideation, and active threats to attempt suicide. Despite this information, Wexford allegedly failed to adopt suicide risk assessment and treatment policies and procedures to protect an inmate known to be suicidal. Id.

Wexford has filed an Answer to the Complaint and the Court has entered a Case Management Order requiring the parties to complete fact discovery by January 31, 2024. ECF Nos. 23, 40. Pursuant to that order, Plaintiff served discovery requests on Wexford seeking information

1

related to Wexford's financial condition. Plaintiff asserts that Wexford has refused to produce the documents because its contends that Plaintiff seeks information that is "irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome." ECF No. 43 at 2. Wexford did not move for protective order under Federal Rule of Civil Procedure 26(c) on any basis cited in its discovery response. Plaintiff asserts that she "tried to confer in good faith with Defendant on several occasions, including sending relevant case law showing the obvious discoverability of such information in federal court because of [her] punitive damages claim." Id. at 4. Faced with Wexford's continued refusal to produce the requested documents, Plaintiff filed the pending Motion to Compel.

Wexford now concedes that the requested information is relevant and must be produced. ECF No. 45 at 2. However, Wexford contends that the burden of producing such evidence at this stage of the litigation is outweighed by any benefit because Plaintiff's entitlement to punitive damages is likely to be resolved against her at the summary judgment stage. Id. at 2-4. Thus, Wexford asks the Court to exercise its discretion to "order that the requested financial information to be produced 30-days following denial, if any, of Defendants' Motion for Summary Judgment relative to punitive damages."

II.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts have liberally construed this language "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Angulo v. Tarapchak, No. 18-736, 2018 WL 4096294, at *1 (M.D. Pa. Aug. 28, 2018) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

A party may move to compel discovery under Federal Rule of Civil Procedure 37. The moving party bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

The proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Rudolf v. Am. Int'l Grp., Inc., 2022 WL 2757684, at *1 (W.D. Pa. July 14, 2022). See also Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

### III. DISCUSSION

It is well-settled that "evidence of financial condition is 'relevant to the question of the level of punitive damages,' so long as a claim for punitive damages has been properly asserted." Blank River Servs., Inc. v. TowLine River Serv., Inc., No. 2:19-CV-418, 2020 WL 13443864, at *2 (W.D. Pa. Mar. 25, 2020) (quoting Grosek v. Panther Transp., Inc., 251 F.R.D. 162, 165 (M.D. Pa. July 22, 2008); and citing EQT Prod. Co. v. Terra Servs., LLC, No. 14-1053, 2018 WL 4300554, at *2 (W.D. Pa. Aug. 13, 2018) ("While it is true that Rule 26 generally does not permit discovery into a party's ability to satisfy a judgment, such discovery is permissible when a claim for punitive damages has been made."); Long v. H.D.J. Co., No. 03-3054, 2004 WL 1427144, at *1 (E.D. Pa. June 14, 2004) ("Defendant's financial information is clearly discoverable in light of

3

Plaintiff's punitive damages claim.") (citing Caruso v. Coleman Co., 157 F.R.D. 344, 348 (E.D. Pa. 1994)).

In this wrongful death and civil rights action, Plaintiff brings punitive damage claims against Wexford for its alleged deliberate indifference to the risk of substantial harm to inmate David Demharter, and for inflicting unnecessary and wanton pain upon him. ECF No. 5. Thus, as conceded by Wexford, the requested financial information is relevant to the claims at issue and is therefore discoverable under Rule 26(b)(1).

Wexford's request to delay production of relevant evidence is denied. "[D]istrict courts within our Circuit have also held that 'when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a prima facie showing of punitive damages to justify the discovery." Blank River Servs., 2020 WL 13443864, at *3 (quoting Caruso, 157 F.R.D. at 348; and citing Angulo v. Tarapchak, No. 18-736, 2018 WL 4096294, at *2 (M.D. Pa. Aug. 28, 2018) ("discovery of financial information is allowed before a court makes a finding regarding the award of punitive damages."); Grosek, 251 F.R.D. at 166 ("[P]laintiffs have stated a claim for punitive damages, and discovery related to [the defendant's financial condition] is appropriate.... [D]elaying discovery on these matters until after the discovery of evidence supporting punitive damages would be inefficient."). Wexford's request to delay discovery until resolution of its anticipated motion for summary judgment would impose an evidentiary and procedural requirement that has been rejected on both substantive and efficiency grounds. Therefore, the Court will not delay discovery of the requested financial information.

## IV. CONCLUSION

For the reasons stated above, the Motion to Compel at ECF No. 43 is properly granted.

Accordingly, this 18th day of January 2024, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 43, is GRANTED. Wexford must respond to Plaintiff's discovery requests on or before January 31, 2024.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to timely appeal will waive any appellate rights.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:  All counsel of record by Notice of Electronic Filing