IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA STOLAR-DEMHARTER<br>*as Administratrix of the Estate of DAVID DEMHARTER*,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>WEXFORD HEALTH SOURCES, INC.;<br>BUTLER COUNTY,<br><br>　　　　　Defendants. | Civil Action No. 23-87<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 66 and 67 |

**OPINION**

Plaintiff Patricia Stolar-Demharter, as administratrix of the estate of David Demharter, has reached a settlement with Defendants Wexford Health Sources, Inc. and Butler County to resolve her claims brought pursuant to Pennsylvania's Wrongful Death and Survival Acts. On June 13, 2024, Ms. Stolar-Demharter filed a Motion for the Approval of the Settlement of Wrongful Death and Survival Claims as to Wexford Health Sources, Inc., ECF No. 66, and a Motion for the Approval of the Settlement of Wrongful Death and Survival Claims as to Butler County, ECF No. 67. For the reasons that follow, the Court approves the settlements of all claims in full.[1]

**I.　　LEGAL STANDARDS**

Section 3323 of the Pennsylvania Probate, Estates and Fiduciaries Code requires court approval for the settlement of claims brought by an estate. See 20 Pa. C.S.A. § 3323(a). Survival actions are among such claims. See Schuster v. Reeves, 403 Pa. Super. 518, 589 A.2d 731, 734 (Pa. Super. 1991). "The requirement for court approval of survival actions is intended to protect

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF No. 70.

the estate, as well as the creditors and beneficiaries thereof." Moore v. Gates, 398 Pa. Super. 211, 580 A.2d 1138, 1141 (Pa. Super. 1990).

"[W]rongful death actions, in contrast, do not require court approval where the only beneficiaries are competent adults." Sheila K. Peterson v. Murrow's Transfer, Inc., Logan J. Denny, No. 2:23-cv-00136-CCW, 2024 WL 2925750, at *1 (W.D. Pa. May 30, 2024) (quoting Kaufman v. Jetson Elec. Bikes, LLC, No. 22-cv-3765, 2024 WL 659490, at *1 (E.D. Pa. Feb. 16, 2024) (cleaned up)). "However, when "wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." Kaufman (citing Moore, 580 A.2d at 1141). In weighing the approval of such settlements, courts assess: (1) the adequacy of the settlement, (2) the reasonableness of the apportionment between the wrongful death and survival claims, and (3) the reasonableness of the attorneys' fees. Id.

## II.   DISCUSSION

### 1. Adequacy of Settlement

The Court will first address the adequacy of the settlement. "Section 3323 'contemplates a judicial inquiry into the propriety of a proposed compromise or settlement by the estate, whether or not it is contested, consistent with the court's supervisory jurisdiction over decedents' estates, and an adjudication based thereon." Peterson, 2024 WL 2925750, at *1 (quoting Kaufman, 2024 WL 659490, at *1). "In determining the adequacy of the settlement, the Court gives considerable weight to the consensus of parties represented by counsel because the lawyers and parties are closer to the case and have a better handle on the risks and upsides of the litigation." Id. (cleaned up); Salas v. Goldenberg, Civ. A. No. 22-2179, 2023 WL 8832422, at *1 (E.D. Pa. Dec. 20, 2023) ("Courts typically afford 'considerable weight' to the judgment of counsel and the parties in

Smith v. Sandals Resorts Int'l, Ltd., 709 F. Supp. 2d 350, 358 (E.D. Pa. 2010), *aff'd*, 437 F. App'x 178 (3d Cir. 2011)). Here, no testimony would be offered at trial in connection with any alleged loss of earning capacity of Mr. Demharter, nor any claim for lost wages or other economic loss. Id. ¶ 22. Further, testimony would be offered that the length of conscious pain and suffering was about three to ten minutes, therefore the anticipated evidence would not warrant a greater allocation to the estate. See Boykin, 2024 WL 387638, at *5 (damages for survival actions are intended to "account for 'decedent's pain and suffering, loss of gross earning power from the date of injury until death, and probable earning during his life expectancy[.]'" Thus, where the anticipated evidence establishes that decedent endured limited pain and suffering, "a one-sided allocation is appropriate"). Accordingly, the Court finds that the 25% allocation of the settlement to the survival claim and the 75% allocation to the settlement of the wrongful death claim is reasonable.

**3. Attorney's Fees**

"When addressing the reasonableness of attorney's fees, 'courts should [also] be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties.'" Carter v. Wellpath LLC, No. 22-cv-1050, 2023 WL 6323095, at *2 (E.D. Pa. Sept. 28, 2023) (quoting Ryan v. Butera, Beausang, Cohen & Brennan, 193 F.3d 210, 215 (3d Cir. 1999)). Under the contingent fee agreement, Ms. Stolar-Demharter's counsel is entitled 40% of the settlement proceeds after the deduction of litigation costs from the gross recovery amount. ECF No. 66 ¶¶27-29; ECF No. 67 ¶¶ 27, 28. The parties have agreed that costs will be reimbursed through the settlement proceeds from Defendant Wexford Health Sources, Inc., and not Butler County. Id. The contingency rate is within the range normally accepted in litigation of complex civil rights and medical malpractice claims. Kaufman, 2024 WL 659490, at *2; Boykin, 2024 WL 387638, at *5

4

(citing Hammonds v. Luzerne Cnty., No. 3:19-CV-2199, 2020 WL 5517496, at *2 (M.D. Pa. Sept. 14, 2020) ("a 40% agreement is within the range of reasonableness")). Given that this case has been pending since January 2023, and that the parties have engaged in substantial litigation during that time, including discovery and related motions, and two separately conducted mediations to resolve this action through alternative dispute resolution, the Court finds that counsel's requested fee award in standard and appropriate.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that the parties' settlement agreements are reasonable under the circumstances of this case. The Court thus approves the settlement agreements and the allocation of the amounts thereunder to the survival action under 20 Pa. C.S. § 3323(a).

A separate Order for each pending motion follows.[3]

Dated: June 18, 2024

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

---

[3] By the Court's Order at ECF No. 65, and upon consideration of the factors under In re Avandia Mktg, Sales Pracs. & Prodd Liab. Litigation, 924 F.3d 662, 673 (3d Cir. 2019), and the standard of common law access, the Order relative to the Motion for the Approval of the Settlement as to Wexford Health Sources, Inc., setting forth the settlement amounts is being filed under seal. See Singleton v. PharmaTech, LLC, No. 17-921, 2020 WL 7769835, at *11 (W.D. Pa. Dec. 30, 2020).